Sh **IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **SHARON PERDUE,**<br><br>    **Plaintiff,**<br>**v.**<br><br>**1ST FINANCIAL BANK USA**<br><br>    **Defendant.** | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Comes Now Plaintiff, Sharon Perdue, through counsel, and shows this Court as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and § O.C.G.A. 10-1-399 *et seq*.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

- 1 -

## PARTIES

3. Plaintiff Sharon Perdue (hereinafter "Plaintiff") is a natural person who resides in the County of Fulton, State of Georgia, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant 1st Financial Bank USA ("1ST FINANCIAL") is a foreign business entity that may be served c/o Tim Berger, VP at 331 North Dakota Dunes Blvd., Dakota Dunes, SD 57049 or c/o Keith Willard, CEO, 331 North Dakota Dunes Blvd., Dakota Dunes, SD 57049, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. Plaintiff has never had an account of any sort, credit or otherwise with Defendant.

6. From at least September 26, 2014 through at least September 4, 2015, Defendant called Plaintiff's cellular telephone, number XXX-XXX-6996.

7. When placing phone calls to Plaintiff, Defendant used, controlled, and/or operated "automatic telephone dialing systems" and/or used an artificial or prerecorded voice.

8. Defendant has never had permission to call Plaintiff's cellular telephone.

9. When calling Plaintiff's cell phone, Defendant asked for Roger Kopaz, who has no association with Plaintiff.

10. On more than one occasion, Plaintiff informed Defendant that Defendant was calling the wrong person.

11. Nonetheless, Defendant continued to call Plaintiff's cellular telephone.

12. Defendant and its agents telephoned the Plaintiff's cellular telephone on numerous occasions in violation of the TCPA.

13. Plaintiff has records that 1ST FINANCIAL called her at least 58 times.

14. There are additional calls from 1ST FINANCIAL that Plaintiff has not been able to document at this time.

15. The telephone calls made to Plaintiff's cellular telephone were willfully or knowingly made.

16. The telephone calls made to Plaintiff's cellular telephone were not made for emergency purposes.

17. At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular phone using an automatic telephone dialing

system ("ATDS" or "Predictive Dialer") and/or used a prerecorded or artificial voice.

18. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers that phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*. Further, the *2015 TCPA Order* (FCC 15-72), the FCC affirmed "that dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of 'autodialer') even if it is not presently

used for that purpose, including when the caller is calling a set list of consumers."

19. 1ST FINANCIAL's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Despite Plaintiff directing Defendant to cease all calls to her cellular telephone once they began, Defendant continued to place automatic telephone calls to Plaintiff's cellular telephone knowing that Defendant lacked consent to call her number many times. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 277(b)(1).

22. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. The Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3)(B).

24. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

1. for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B), or
2. for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3);
3. for such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

This 1st day of June, 2018.

Respectfully submitted,

**SMITH, WELCH, WEBB & WHITE, LLC**
By:  **s/Orion G. Webb**
Orion G. Webb, Esq.
Attorney I.D.#479611

280 Country Club Drive
Suite 300
Stockbridge, Georgia 30281
T. (770) 957-3937
F. (770) 957-9165
owebb@smithwelchlaw.com
Attorney for Plaintiff